IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES BRET ALLEN,
     Plaintiff,

vs.                           Case No.: 3:12cv334/RV/EMT

SGT. STEVENS, et al.,
     Defendants.

_____

## REPORT AND RECOMMENDATION

     This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on Plaintiff's civil rights complaint (doc. 1). Leave to proceed in forma pauperis was granted, and the initial partial filing fee has been paid (docs. 4, 8). Upon review of Plaintiff's complaint, the court concludes that this case should be dismissed because Plaintiff has not stated and cannot state a plausible § 1983 claim against Defendants.

<u>Background</u>

     Plaintiff, an inmate in the custody of the Florida Department of Corrections, was incarcerated at the Walton Correctional Institution ("WCI") at the time of the events giving rise to this complaint (doc. 1 at 2). Named as Defendants in this action are Sgt. Steven, Captain Quinton, C.O. Manning, and C.O. Wiggington. Plaintiff alleges that his constitutional rights were violated when he was placed in confinement and had false disciplinary reports written against him after he discovered another inmate with over 100 amphetamine pills and other contraband in his possession (doc. 1 at 5). Plaintiff states he was "set up" as a result of his knowledge of the smuggling operation that allowed contraband to enter the prison compound, and improperly placed in confinement. Plaintiff alleges that when he brought his knowledge to the attention of Capt. Quinton and the assistant warden during the disciplinary hearing, he was told he would need to talk to an inspector, and he was transferred from disciplinary confinement to administrative confinement (*id.* at 6). Although Plaintiff never spoke with

an inspector, he asserts he was harassed by C.O. Manning, who threatened to write more disciplinary reports ("DRs") against Plaintiff.  At one point, Manning and Stevens allegedly removed Plaintiff from his cell and threw all of Plaintiff's belongings out of the cell, leaving him only with his boxer shorts. Defendant Wiggington is not mentioned in the allegations of the complaint.

In his statement of claims, Plaintiff states that he has been treated in a cruel and inhumane manner, and that he has been sexually harassed and threatened with bodily harm (*id.* at 7), even though there are no facts to support the latter allegations.  Plaintiff also states that he has been placed in confinement due to "lies told by various officers."  As relief, Plaintiff asks that all the officers involved be dishonorably discharged and prohibited from ever working in law enforcement or positions of guardianship, relief that this court is without jurisdiction to grant.  He also seeks $5,000,000.00 in damages and an emergency transfer.

<u>Analysis</u>

Since Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals for failure to state a claim under 1915(e)(2)(B)(ii), which tracks the language of Fed. R. Civ. P. 12(b)(6), are governed by the same standard as that rule.  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff.  *See* <u>Pielage v. McConnell</u>, 516 F.3d 1282 (11th Cir. 2008); <u>Thaeter v. Palm Beach County Sheriff's Office</u>, 449 F.3d 1342, 1352 (11th Cir. 2006); <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11th Cir. 1997).  Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964–65, 1973 n.14, 167 L. Ed. 2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78, S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S. Ct. 99.))  A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)).  Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)).  Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1.      whether the conduct complained of was committed by a person acting under color of state law; and

2.      whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254–55, 101 L. Ed. 2d  40 (1988) (citations omitted); Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing West).  The allegations of the complaint, as presented, fail to state a constitutional violation.

Plaintiff's claim that he has been treated in a cruel manner and subjected to sexual harassment and threats of violence does not state a constitutional claim.  It is well established that mere harassment or verbal abuse does not rise to the level of a constitutional violation.  See Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (noting that verbal taunts, alone, are insufficient to state a constitutional violation); Hernandez v. Florida Dep't of Corrections, 281 F. App'x 862, 866 (11th Cir. 2008) (holding that plaintiff's allegations of verbal abuse and threats by prison officials did not state a constitutional claim because the defendants never carried out the threats, and "verbal abuse alone is insufficient to state a constitutional claim"); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (holding that dismissal of Eighth Amendment claim was proper where inmate alleged only that the "disrespectful and assaultive comments" denied him "peace of mind"); McDowell v. Jones,

990 F.2d 433, 434 (8th Cir. 1993) (holding that prisoner's allegations that prison staff harassed him generally did not state a constitutional violation); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (mere allegations of verbal abuse do not present actionable § 1983 claim); Swoboda v. Dubach 992 F.2d 286, 290 (10th Cir. 1993) (allegations that officers threatened to kill inmate not cognizable under § 1983); Ivey v. Williams, 832 F.2d 950, 955 (6th Cir. 1987) (holding that verbal abuse does not violate the Eighth Amendment); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (holding that threatening language and gestures of a corrections officer do not generally violate an inmate's Eighth Amendment rights); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (holding that the sheriff's laughing at inmate and threatening to hang him did not violate the Constitution); Crenshaw v. City of Defuniak Springs, 891 F. Supp. 1548, 1555 (N.D. Fla. 1995) (holding that "verbal harassment and abusive language, while 'unprofessional and inexcusable,' are simply not sufficient to state a constitutional claim under Section 1983"); Munera v. Metro West Detention Ctr., 351 F. Supp. 2d 1353, 1362 (S.D. Fla. 2004) ("Verbal abuse and threats alone are not actionable as a matter of law."). Thus, Plaintiff's claims of verbal harassment do not state an actionable claim.

Plaintiff also complains about his placement in disciplinary and/or administrative confinement. The due process clause standing alone "does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin v. Conner, 515 U.S. 472, 478 (1995); *see also* Meachum v. Fano, 427 U.S. 215, 224 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976). Rather, the due process clause protects against restraints or conditions of confinement that "exceed[ ] the sentence in . . . an unexpected manner." Sandin, 515 U.S. at 484. An inmate has no constitutional liberty interest in being confined in the general population rather than in the more restrictive atmosphere of administrative or disciplinary confinement. *See* Hewitt v. Helms, 459 U.S. 460, 466–67 (1983); Chandler v. Baird, 926 F.2d 1057, 1060 (11th Cir. 1991); Sheley v. Dugger, 833 F.2d 1420, 1424 (11th Cir. 1987). Nothing in Plaintiff's allegations lead the court to conclude that his twenty-day disciplinary confinement or his subsequent administrative confinement were of such duration of condition as to "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Furthermore, Plaintiff's own allegations establish that he received due process protections on the one DR that proceeded against him, in that once he explained his side of the story to Quinton and the Assistant Warden, Plaintiff was removed

from disciplinary confinement.  *See* <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974); <u>Bass v. Perin</u>, 170 F.3d 1312, 1318 (11th Cir. 1999).[1]

Even if Plaintiff were able to state a constitutional claim, he would not be able to recover the damages he seeks, as his request for damages is precluded by subsection (e) of 42 U.S.C. § 1997e. This statute provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. <u>Napier v. Preslicka</u>, 314 F.3d 528, 532 (11th Cir. 2000) (citing <u>Harris v. Garner</u>, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)).  In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. <u>Harris v. Garner</u>, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in <u>Hudson</u> [<u>v. McMillian</u>, 503 U.S. 1 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); <u>Osterback v. Ingram</u>, No. 3:96cv580/LAC/SMN, 2000 WL 297840, at *10 (N.D. Fla. Jan. 12, 2000). Accordingly, a prisoner may not recover compensatory and punitive damages for mental or emotional injury absent a showing of more than de minimis physical injury. Here, there are <u>no</u> allegations of any physical injury, de minimis or otherwise.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." <u>Corsello v. Lincare, Inc.</u>, 428 F.3d 1008, 1014 (11th Cir. 2005).  However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where

---

[1] To the extent Plaintiff's Eighth Amendment claim is based on "lies told by various officers," which led to his confinement, he has failed to state a claim.  The filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation. *See* <u>Rodgers v. Singletary</u>, 142 F.3d 1252 (11th Cir. 1998); <u>Sprouse v. Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989); <u>Freeman v. Rideout</u>, 808 F.2d 949, 951–53 (2d Cir. 1986).  This is primarily because the Constitution requires only that the inmate be afforded due process at the institutional hearing, which represents his opportunity to expose any such falsities or inaccuracies.  <u>Freeman</u>, 808 F.2d at 952; *see also* <u>Wolff</u>, 418 U.S. at 539.

allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001).  In the instant case, amendment would be futile; therefore, the Court may dismiss this case without providing opportunity for amendment.

 As Plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that Plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

 Accordingly, it is respectfully **RECOMMENDED**:

 That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

 At Pensacola, Florida, this 10<u>th</u> day of September 2012.


       /s/ *Elizabeth M. Timothy*       
       **ELIZABETH M.  TIMOTHY**
       **UNITED STATES MAGISTRATE JUDGE**


### <u>NOTICE TO THE PARTIES</u>

 **Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**